UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT HARVEY | CIVIL ACTION |
| VERSUS | NO. 07-5579, c/w 07-5580 |
| BRENT D. BURLEY | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court are two motions to remand, one for each of the cases in this consolidated action: (1) Motion to Remand (associated with case no. 07-5579) (Rec. Doc. 5); and (2) Motion to Remand (associated with case no. 07-5580) (Rec. Doc. 7). After reviewing the petitions, the memoranda of counsel, and the applicable law, this Court finds that the motions to remand are denied.

**I.   Background**

Each of these two cases (07-5579; consolidated with 07-5580) has been removed three times. Following is a brief summary of each case's procedural history.

**A.   Case no. 07-5579:**

This case was originally filed in Civil District Court for the Parish of Orleans ("CDC")as a discovery proceeding by Robert Harvey ("Harvey") (case no. 2005-00447). On February 25, 2005, Brent D. Burley ("Burley") removed this matter to federal court (case no. 05-0628). It was allotted to Judge Ivan Lemelle. While a motion to remand was pending, a defamation suit was filed,

which mooted the discovery matter. However, Judge Lemelle granted the motion to remand filed by Harvey, based on a finding that a discovery proceeding is not a civil action for removal purposes. (See Exhibit A to motion).

Once the discovery petition was remanded, Harvey consolidated the discovery matter with the defamation suit, pursuant to the local state court rules. On December 27, 2006, Burley removed this matter for a second time (case no. 06-11344). On April 11, 2007, the Court again remanded this matter - this time based on the fact that no opposition was received. (See Exhibit B to motion).

Burley most recently removed this proceeding (case no. 07-5579) on September 14, 2007, which was allotted to the undersigned.

**B.**     **Case no. 07-5580:**

This proceeding constitutes the defamation suit that is referenced above. The first time this case was removed, it was allotted to Judge Jay Zainey (case no. 05-2400). In this case, Harvey alleged that Burley had made defamatory allegations against him while in state court.[1] Judge Zainey granted a motion to remand finding that it was not sufficiently related to the bankruptcy proceeding so as to justify the exercise of jurisdiction over the matter.

The second time the matter was removed, it was allotted to Judge Elizabeth Magner in Bankruptcy Court (case no. 07-1006). Judge Magner remanded the matter, finding no relation between this action and the bankruptcy proceeding.

Burley has most recently removed this case (case no. 07-5580) to this Court, and it is now

---

[1] Specifically, the Petition claimed that on November 3, 2004, Burley filed an unverified dilatory exception in CDC, stating that Harvey had engaged in a pattern of influence peddling, including making such comments like "Judge Medley is in our pocket." The Petition also alleged that on February 18, 2005, Burley sent a letter to Harvey and copied Harvey's former clients saying that Harvey had violated ethical rules and committed fraud. The Petition further asserts that, on that same day, Burley made certain defamatory statements on the record in CDC before Judge Medley. The Petition further states that on March 7, 2005, Burley filed in CDC an opposition to a motion to disburse funds that contained defamatory statements.

consolidated with case no. 05-5579, asserting that new grounds exist for removal. Specifically, Burley claims that in a motion for summary judgment, Harvey referenced allegedly defamatory statements made by Burley in his Objection to Harvey's Proof of Claim (case no. 05-14143, Rec. Doc. 390) in bankruptcy court, which Burley claims now makes this case sufficiently related to the bankruptcy proceedings so as to justify removal.

**II.     LAW AND ANALYSIS**

While it is true that Harvey's original allegations in these cases pertained only to allegedly defamatory statements made against him by Burley in state court, a recent summary judgment filing by Harvey in state court has expanded his allegations. Harvey essentially sought a judgment against Burley in state court on liability grounds under a "continuing tort" theory wherein he alleged that Burley had made defamatory statements about him in a case pending in this Court. If the state court were to render a judgment on the defamatory allegations that allegedly occurred in this Court, that judgment would interfere and potentially conflict with a judgment to be rendered by the undersigned. Harvey's recent expansion of his allegations has made these cases removable and has linked these cases to the cases pending before the undersigned regarding defamatory allegations allegedly made by Burley in his Objection to Harvey's Proof of Claim in the bankruptcy proceeding. To rule on the truth or falsity of the allegations in the Objection may potentially impact this Court's ability to determine the viability of the Proof of Claim and the corresponding Objection to it. Thus, these cases are now sufficiently and substantially related to the bankrupt estate such that this Court should retain jurisdiction.

**III.    CONCLUSION**

**IT IS ORDERED** that **the Motion to Remand (associated with case no. 07-5579) (Rec. Doc. 5)** should be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Remand (associated with case no. 07-5580) (Rec. Doc. 7)** should be and hereby is **DENIED**.

New Orleans, Louisiana, this 10th day of December, 2007.

                          _____
                          **KURT D. ENGELHARDT**
                          **UNITED STATES DISTRICT JUDGE**