UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT HARVEY                                               CIVIL ACTION

VERSUS                                                      NO. 07-5579, c/w 07-5580

BRENT D. BURLEY                                             SECTION "N" (5)

### ORDER AND REASONS

Before the Court are several motions *in limine*, which are opposed. After reviewing the memoranda filed by counsel and the applicable law, the Court rules as set forth herein.

**IT IS ORDERED** that the **Motion *in Limine* Relative to Proposed Expert Witnesses and *Daubert* Challenges (Rec. Doc. 85)**, filed by Brent D. Burley ("Burley"), is **DENIED IN PART** and **GRANTED IN PART**. The motion is denied to the extent it seeks to exclude the testimony of Dr. Peter Scharf, assuming that he is otherwise properly qualified and accepted as an expert. The Court reminds the parties that this is a bench trial; the Court can decide what weight, if any, to give such testimony once it is received. Robert G. Harvey, Sr. ("Harvey") did not contest the motion as it pertained to Thomas Early ("Early"), Lee Leonard ("Leonard"), and Louis Phillips ("Phillips"). Thus, this motion is granted as unopposed in that regard; any expert testimony of Early, Leonard,

and Phillips shall be excluded at trial. In his motion, Burley states that he does not object to the testimony of Salvatore Panzeca ("Panzeca"); thus, Panzeca's testimony will not be excluded.

**IT IS FURTHER ORDERED** that the **Motion *in Limine* Concerning Deposition Testimony of Sandra Miller (Rec. Doc. 89)**, filed by Burley, is **DENIED.** The deposition of Sandra Miller ("Ms. Miller"), which Burley seeks to introduce at trial, was taken not in this case, but in the core bankruptcy proceeding. Because this deposition was not taken in this proceeding specific to the issues raised herein, such deposition will be excluded, absent a stipulation by all counsel. Of course, Ms. Miller may testify live at the trial.

**IT IS FURTHER ORDERED** that the **Motion *in Limine* Concerning Delmonico's Tape Recording (Rec. Doc. 91**), filed by Burley, is **DEFERRED TO TRIAL.** This tape may be introduced at trial assuming that the proper foundation is laid, the tape is authenticated, and relevance is established.

**IT IS FURTHER ORDERED** that the **Motion *in Limine* Concerning Plaintiff's Failure to Respond to Court Order Requiring Discovery Responses (Rec. Doc. 93)**, filed by Burley, is **DEFERRED TO TRIAL**. Burley may prevail on this motion if he shows that he has been prejudiced by the non-disclosure of such evidence. In other words, Burley will likely not prevail if he objects to the introduction of

evidence that was produced to him prior to the expiration of the discovery deadline.  Burley will have a greater likelihood of success objecting to evidence that was requested but was not produced during the discovery period.

**IT IS FINALLY ORDERED** that the **Motion** *in Limine* **(Rec. Doc. 96)**, filed by Harvey, is **DENIED IN PART, GRANTED IN PART, and PARTLY DEFERRED TO TRIAL**.  Specifically, the Court concludes as follows:

(1) Proffered evidence factually arising subsequent to the February 18, 2005 date of the alleged defamatory *per se* statements will not be excluded at this juncture, as such evidence may be relevant to the issue of truth of the alleged defamatory statements.

(2) Burley's affirmative defense of "truth" will not be limited to only criminal acts.  Burley will be allowed to offer evidence regarding the truth of all allegations that he has defamed Harvey.

(3) The Court has already ruled that the testimony of Dr. Peter Scharf may be admitted if he is properly qualified and accepted as an expert.

(4) The Court, once again, denies remand of this action and refers to its earlier ruling in that regard.

(5) The Court will not, at this time, exclude offers of proof of matters not material to qualified immunity.

(6) As explained at the pre-trial conference, the Court will not bifurcate the instant proceeding and allow evidence only as to liability, while referring damages to the future. The decision of whether and when to award special damages is deferred to trial to commence on May 19, 2008.

(7) The last request regarding hearsay evidence is too broad. For that reason, the Court declines to rule on it prior to trial; it is, thus, deferred to trial.

New Orleans, Louisiana, this 15th day of May 2008.

_____
KURT D. ENGELHARDT
United States District Judge

4